CHARLES BURSTON, Appellant, v. GARRET BUILDING CORPORATION and Others, Defendants, and JEROME LAKE, Respondent.— Judgment in so far as it dismisses the complaint as against defendant Jerome Lake reversed upon the law and the facts, with costs, and judgment directed in favor of plaintiff and against defendant Lake, as prayed for in the complaint, with costs. It was error to hold that the collateral bond herein of defendant Jerome Lake was a separate, unrelated and independent obligation, in no wise coextensive with or related to or conditioned upon the mortgage obligation sought to be foreclosed. Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and appropriate conclusions will be made. Kapper, Rich, Hagarty, Carswell and Scudder, JJ., concur. Settle order on notice.

WILLIAM J. CARROLL, Respondent, v. MICHAEL J. WALSH and EDWARD A. WALSH, Individually and as Officers and Directors of CARROLL & WALSH INK Co., INC., and Others, Appellants.— Order appointing receiver and containing injunction modified by striking therefrom so much as provides that the defendants Walsh and each of them "is hereby suspended from his office," and as so modified that order, and the order denying motion to dismiss the complaint, are affirmed, without costs. Lazansky, P. J., Rich, Kapper, Carswell and Scudder, JJ., concur.

MARION L. DORSEY, Respondent, v. JOHN FRANKLIN DORSEY, Appellant.— Order modified by reducing the alimony from $40 to $22.50 per week, and by reducing counsel fee from $400 to $250, and as so modified affirmed, without costs. The court is of opinion, taking into consideration all the facts and circumstances set forth in the affidavits, that the amounts above stated are fair and reasonable until the matter of defendant's financial status, the only issue in the case, can be determined upon the trial. Lazansky, P. J., Rich, Young, Kapper and Seeger, JJ., concur.

HARRY S. DUBE, Appellant, v. BERNICE DUBE, Respondent, and LONG ISLAND RAILROAD COMPANY, Defendant.— Judgment reversed upon the law and new trial granted, costs to abide the event. The court committed error in ruling upon the evidence at folios 109, 122, 163. One ruling (Fol. 109) resulted in injecting into the case irrelevant prejudicial matter which aggravated the effect of counsel's statements of like character in the opening (Fol. 35). Lazansky, P. J., Rich, Kapper, Carswell and Scudder, JJ., concur.

MORRIS GOGOLICK, Appellant, v. WILLIAM BERNSTEIN, Respondent.— Judgment reversed upon the law and the facts, and judgment directed for plaintiff, without costs. The finding that there was a final settlement between the parties was against the weight of evidence and contrary to well-settled authorities in that many items were omitted from the alleged final settlement. Plaintiff's version as to what transpired at the time of the dissolution has the support of the credible evidence herein. Accordingly he is entitled to an accounting of all the items that were allotted to defendant for collection in connect on with an accounting of those that were allotted to himself for collection, which accounting should be had before an official referee. Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and conclusions will be made. Lazansky, P. J., Rich, Kapper, Carswell and Scudder, JJ., concur. Settle order on notice.